FILED

2012 JUN 18 PM 2: 50

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___ms___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL SILLS,<br><br>                      Petitioner,<br><br>   vs.<br><br>TIMOTHY E. BUSBY, et al.,<br><br>                      Respondents. | Civil No.   10-cv-2650-H(KSC)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE PETITION FOR WRIT OF HABEAS CORPUS<br><br>[ECF No. 5] |

      Gabriel Sills ("Sills"), a state prisoner proceeding pro se and in forma pauperis with a First Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), seeks relief from his December 2009 guilty plea in San Diego County Superior Court Case No. SCD205883 and his resulting 18 year sentence. (Pet. filed January 31, 2011, ECF No. 5.) Sills pled guilty to two felony counts of committing lewd and lascivious acts with a child, guilty to a third count of misdemeanor possession or control of child pornography, and agreed to a five-year sentence enhancement for an admitted prior conviction carrying a strike consequence. Although he did not appeal the judgment of conviction, he pursued collateral relief in the state courts at all three levels of review, exhausting his federal claims. (Pet. 2-5, ECF No. 5; Lodgment Nos. 5, 7, 9.)[1] Respondents unsuccessfully moved to dismiss the Petition on untimeliness grounds. (ECF No. 10.) They then filed an Answer opposing

---

[1] Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted by the Court's electronic case filing system.

any habeas relief, and Sills filed a Traverse. (ECF Nos. 11, 15.) The Court has reviewed the pertinent portions of the record. For the reasons discussed below, it is recommended that the Petition be **DENIED**.

I. **BACKGROUND**

In an April 26, 2008 Amended Felony Complaint ("Complaint"), Sills was charged with four counts of lewd and lascivious acts on a child under the age of 14 years, in violation of Cal. Penal Code § 288(a), with special allegations elevating the sentencing range for each of those counts to 25 years to life in prison, and with 100 separate misdemeanor counts for possession of computer images depicting persons under the age of 18 years engaged in or simulating sexual conduct, in violation of Cal. Penal Code § 311.11. (Lodgment No. 1 at 1-8.) That Complaint also identified a March 20, 2000 conviction Sills sustained in Medford, Oregon for sexual abuse, qualifying as a first serious felony and a strike prior under Cal. Penal Code § 667(a)(1). (Id. at 31.)

On October 31, 2008, Sills, his attorney, and the Superior Court Judge executed a change of plea form in which Sills pled guilty to felony counts 1 and 2 and to misdemeanor count 5. (Lodgment No. 2 at 1.) Among other things on the plea form, Sills checked boxes stating that he was entering his "plea freely and voluntarily" and acknowledging various specific consequences of his plea. In addition to giving up enumerated constitutional rights, he gave up his right to appeal "issues related to strike priors ... and any sentence stipulated" in the plea agreement. He acknowledged his understanding that the sentencing judge could consider his "prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when ... imposing sentence." He identified his felony sexual abuse strike prior. He recorded his understanding that the total agreed sentence was for a "5 year serious prior & strike stip 18 years." (Id. at 1-2.) Sills' statement of the facts underlying his guilty pleas, just above his signature under penalty of perjury, records: "Did a lewd act on a person under 14 years old 2 times. Possessed computer images depicting person under 18 years old involving sexual conduct." (Id. at 3.)

Sills was sentenced to the stipulated 18-year term on December 19, 2008, comprised of: a midterm of six years on Count One, doubled pursuant to the strike, and an additional five years for the serious felony prior; the same for Count Two, imposed to run concurrently with the 17-year Count One

sentence; and one year for the misdemeanor, designated to be served in county jail but which the court deemed satisfied by the 366 days of pre-sentence credit owed Sills. (Lodgment No. 4.)

The underlying factual background of the criminal charges does not bear on the resolution of Sills' four Petition claims, all of which challenge only procedural or representational aspects of his change of plea and sentencing. Sills raised the same four claims in serial petitions for habeas corpus relief in San Diego County Superior Court, the California Court of Appeal, and the California Supreme Court. (Lodgment Nos. 5, 7, 9.) His September 17, 2010 habeas petition to the California Supreme Court resulted in a March 30, 2011 summary denial of his petition without articulated rationale or citation to authority. (Lodgment No. 14, In re Sills, Case No. S186550.) The February 9, 2010 reasoned decision of the Superior Court denying his petition (In re Sills, Case No. HC19827 (order), provided in incomplete form as Lodgment No. 6 and in complete form Lodgment No. 15) was superseded, for federal habeas review purposes, by the April 27, 2010 Court of Appeal order denying his petition (Lodgment No. 8, In re Sills, Case No. D056997) as the last reasoned state court opinion to address the federal issues. *See* Campbell v. Rice, 408 F.3d 1166, 1170 (9th Cir. 2005); *see also* Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (stating, "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground").

Sills alleges as Petition Ground One his guilty plea is not valid because his admission of the felony strike prior was purportedly not intelligent. (Pet. 7, ECF No. 5.) He alleges as Ground Two his sentence is illegal because it was purportedly based on materially false and unreliable information. (Id. at 9.) He alleges as Ground Three he received ineffective assistance of counsel. (Id. at 10.) He alleges as Ground Four he was denied access to courts in violation of his constitutional right to a speedy trial by both "California and Oregon State courts and laws." (Id. at 12.)

## II.   DISCUSSION

### A.   Legal Standards For Federal Habeas Relief

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a) (West 2006). The

1  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") controls review of Sills' Petition.
2  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). AEDPA imposes a " 'highly deferential standard
3  for evaluating state-court rulings,' " requiring "that state-court decisions be given the benefit of the
4  doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002), *quoting* Lindh, 521 U.S. at 333 n.7.

5        "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court,
6  subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, __ U.S. __, 131
7  S.Ct. 770, 784 (2011). Federal habeas relief is available under the first exception only if the state court
8  result "was contrary to, or involved an unreasonable application of, clearly established Federal law,
9  as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "[R]eview under
10 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim
11 on the merits." Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1398 (2011). Relief is available
12 under the second exception only if the state court result "was based on an unreasonable determination
13 of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2);
14 see Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) ("Factual determinations by state courts are
15 presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision
16 adjudicated on the merits in a state court and based on a factual determination will not be overturned
17 on factual grounds unless objectively unreasonable in light of the evidence presented in the state court
18 proceeding, § 2254(d)(2)"); *see also* Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007).

19       A decision is "contrary to" clearly established precedents if it "applies a rule that contradicts
20 the governing law set forth in our cases," or it "confronts a set of facts that are materially
21 indistinguishable from" a Supreme Court decision but reaches a different result. Early v. Packer, 537
22 U.S. 3, 8 (2002), *quoting* Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (distinguishing the
23 28 U.S.C. § 2254(d)(1) "contrary to" standard from its "unreasonable application" standard). A state
24 court decision is an "unreasonable" application of clearly established federal law if the state court
25 "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular
26 prisoner's case." Williams, 529 U.S. at 407-08. In order to conclude that a state court's decision
27 qualifies as an unreasonable application of Supreme Court precedent, the decision "must have been
28 more than incorrect or erroneous;" it "must have been 'objectively unreasonable.' " Wiggins v. Smith,

539 U.S. 510, 520-21 (2003) (citations omitted); see Crosby v. Schwartz, __ F.3d __, 2012 WL 1561032 *3 (9th Cir. (Cal.) May 4, 2012). A petitioner can satisfy the "unreasonable application" standard "only by showing that 'there was no reasonable basis' for" the state high court's decision." Harrington, 131 S.Ct. at 786 (a "habeas court must determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court").

Federal habeas courts apply AEDPA standards to "the last reasoned decision" by a state court on the merits of the federal constitutional claims raised by a state prisoner seeking relief from a conviction or sentence. Campbell, 408 F.3d at 1170; Brown v. Horell, 644 F.3d 969, 978 (9th Cir. 2011); see Ylst, 501 U.S. at 803. In deciding whether relief from an unconstitutional trial error is warranted, federal reviewing courts apply the standard from Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) "uniformly in all federal habeas corpus cases under § 2254," that is, the error must have had "a substantial and injurious effect or influence in determining the jury's verdict." Bains v. Cambra, 204 F.3d 964, 977 (9th Cir. 2000); see Fry v. Pliler, 551 U.S. 112, 121-22 (2007).

### B. No Evidentiary Hearing Warranted

Sills requests an evidentiary hearing on two issues. (Pet. 1, 11, ECF No. 5.) In particular, he seeks an evidentiary hearing associated with his Petition Ground Two claim challenging the use of his prior conviction in the Oregon prosecution to enhance his sentence in the California case:

> Petitioner asserts the minimal informations [sic] submitted by the California prosecutor violated his due process entitlements of proof beyond a reasonable doubt to impose a prison prior five year enhancement. Thus, without any Oregon State sentence conviction of abstract of judgment on prior sentencing conviction, or no certified Oregon or any state's prison records, nor any records containing fingerprint card or court transcribed documents correctly identifying Petitioner serving or sentenced to any prior is an illegal prior basis.[2]

(Pet. 45, ECF No. 5-1.)

\\

---

[2] Sills attaches to his Petition as Exhibit D a December 3, 2009 communication from the Jackson County, Oregon sheriff's office to the California Department of Corrections with an attached Bench Warrant for Sills in its Case No. 992639FE, reciting the attachments as including "a fingerprint card and a booking card with his mug shot," and requesting that a hold be placed on him. (Pet. Exh. D 15-17, ECF No. 5-2.)

Sills also seeks an evidentiary hearing on his Ground Three sub-claims alleging that his guilty plea "was the product of IAC" and that he received ineffective assistance of counsel ("IAC") at sentencing. (Pet. 47, ECF No. 5-1.)

> The aggregate effect of the sub-claims, A through K, asserted and requested above is sufficient to satisfy the deficient performance prong of the IAC test. At the very least, the Court should grant an evidentiary hearing on this IAC claim.

(Pet. 52, ECF No. 5-1.)

Leaving aside Sills' erroneous understanding of certain legal principles he relies on to support the merits of his claims, AEDPA "substantially restricts the district court's discretion to grant an evidentiary hearing." Baja v. Ducharme, 187 F.3d 1075, 1077 (9th Cir. 1999); Cullen, 131 S.Ct at 1400-01 ("Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing"). "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review" to determine whether a claim adjudicated by the state court was contrary to or involved an unreasonable application of clearly established federal law. Cullen, 131 S.Ct. at 1400. "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." Id.

"Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." Williams, 529 U.S. at 437. AEDPA prescribes the manner in which federal courts deciding state prisoners' habeas petitions must approach the factual record, providing, in pertinent part: (1) "a determination of a factual issue made by a State court shall be presumed to be correct," with the "applicant [having] the burden of rebutting the presumption of correctness by clear and convincing evidence;" and (2) "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that . . . the claim relies on . . . a factual predicate that could not have been previously discovered through the exercise of due diligence and . . . the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(1), (2).

\\

"Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." Schriro, 550 U.S. at 474. If a claim subject to 28 U.S.C. § 2254(d)(1) does not satisfy that provision, it is "unnecessary to reach the question whether § 2254(e)(2) would permit a [federal] hearing on th[at] claim." Cullen, 131 S.Ct. at 1400, *quoting* Williams, 529 U.S. at 444. "In practical effect, . . . this means that when the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.' " Id. at 1401, 1399-1400, n.5, *quoting* Schriro, 550 U.S. at 474.

All three levels of collateral review in the state courts adjudicated Sills' Petition claims on the merits relying on the same record. Sills' showing does not overcome the limitations imposed by 28 U.S.C. § 2254(e) restricting federal habeas review to the evidentiary record that was before those courts. 28 U.S.C. § 2254(e); *see* Cullen, 131 S.Ct. at 1401, 1399-1400, n.5. For the reasons discussed below, this Court recommends a finding that Sills is not entitled to federal habeas relief pursuant to 28 U.S.C. § 2254(d). Accordingly, his request for an evidentiary hearing should be **DENIED**. Cullen, 131 S.Ct. at 1401.

### C. The State Court Result Comports With Controlling United States Supreme Court Authority And Is Objectively Reasonable, Foreclosing Habeas Relief

The last reasoned state court decision addressing Sills' federal claims is the April 27, 2010 California Court of Appeal's Order denying his habeas petition. The order deciding that petition is reproduced in the docket of that case, provided as Lodgment No. 8, In re Gabriel Sills, Case No. D056997 (docket notes, order denying habeas petition). The Court of Appeal first denied Sills' ex parte motion for an order that he be provided with a transcript of his sentencing hearing and for the clerk's transcript, on grounds he made that request in the wrong court and, in addition, his time for appeal had elapsed. Then the Court addressed in turn each of his four claims for collateral relief on the merits, summarizing the pertinent facts, the legal bases, and its rationale for denying him any habeas relief. (Id.) For the reasons discussed below, it is recommended that the District Court find the state court results are objectively reasonable and comport with controlling United States Supreme Court authority, foreclosing federal habeas relief. 28 U.S.C. § 2254(a).

### 1. Ground One: Invalid Plea

Sills alleges as Ground One that his guilty plea was not "intelligent," a violation of his federal constitutional rights. (Pet. 7, ECF No. 5.) Guilty pleas are valid under the Fifth Amendment if made voluntarily and intelligently by mentally competent defendants. Brady v. United States, 397 U.S. 742, 755-56 (1970) (a guilty plea is voluntary when "entered by one fully aware of the direct consequences" of the plea); Bousley v. United States, 523 U.S. 614, 618 (1998) (a plea is intelligent if the defendant first receives "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process"). "[A] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Bousley, 523 U.S. at 621 (quotation marks and citation omitted). While a federal habeas court "must independently assess the plea agreement's effect" on the defendant's constitutional rights, "the construction of the plea agreement and the concomitant obligations flowing therefrom are, within broad bounds of reasonableness, matters of state law," and federal courts "will not disturb [a state court's] reasonable disposition of those issues." Ricketts v. Adamson, 483 U.S. 1, 7 n.3 (1987); see Buckley v. Terhune, 441 F.3d 688, 694 (9th Cir. 2006) (California courts, under Adamson, "are required to construe and interpret plea agreements in accordance with state contract law").

"The voluntariness of a [guilty] plea can be determined only by considering all of the relevant circumstances surrounding it." Brady, 397 U.S. at 749. "A conviction after a plea of guilty normally rests on the defendant's own admission in open court that he committed the acts with which he is charged." McMann v. Richardson, 397 U.S. 759, 766 (1970) (the admission may not be compelled, and it must be an intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences" because of the constitutional and evidentiary rights relinquished), *quoting* Brady, 307 U.S. at 748. The Brady Court found that defendant's guilty plea was voluntary because it was "entered in open court before a judge obviously sensitive to the requirements of the law with respect to guilty pleas" while defendant had competent counsel, a full opportunity to assess the advantages and disadvantages of a trial as compared to those attending a plea of guilty, and the defendant was subjected to "no threats or promises in face-to-face encounters with authorities." Id. at 755 (internal quotations and citation omitted).

Sills does not challenge the validity of his waivers of any of the specifically-enumerated constitutional rights he gave up by electing to plead guilty: i.e., attorney representation; "a speedy and public trial by jury" of the California charges; confrontation and cross-examination of all witnesses against him; the right to remain silent; and the right to present evidence in his own behalf. (Lodgment No. 2 at 1.) Sills initialed the box next to each of those rights indicating he understood and voluntarily gave each one up. (Id.) Rather, he asserts his guilty plea was unconstitutional because he had not yet been sentenced for the prior Oregon conviction used to enhance his sentence in the California case. As he asserts:

> Petitioner's admission of the prior was not knowing, voluntary, and intelligent, under all circumstances; therefore remand for a trial on the validity of the prior allegation is required:
>
> (1) <u>Relevant facts of record</u>
> The information alleged Petitioner had suffered a prior conviction in the State of Oregon in a case that presently has not been sentenced, case number 992639FE has been pending since 8/04/00, on or about, and cannot be used as a prison prior, or for a California second strike without finality.
>
> (2) Petitioner was specifically prosecuted for a second strike, specifically based on the information from Oregon case number 992639FE. A due process and 14th violation [sic] that Petitioner was illegally enhanced.
>
> (3) Petitioner was specifically prosecuted on an alleged prison prior conviction, which he has not served in any State prison conviction to be subject to California Penal Code section 667, Subd. [sic]. Which is an enhancement for not remaining free of custody for a five-year period or enhancement for the controlling charge.
>
> . . . .
>
> Petitioner Sills cannot knowingly admit he has a final prison prior, or offense of a first California strike without the final Oregon Court adjudication first completed there.
>
> . . . .
>
> Further, Petitioner Sills was not made aware of the penal plea consequences of his admissions, as a five year prison prior application, or the future sentencing and enhancements used in Oregon[']s pending sentence or its uses retroactively applied adversely upon Petitioner. Thus, Petitioner did not agree, nor advised of [sic] pending collateral consequences of the plea . . . .

(Pet. 38-40, ECF No. 5-1.)

Courts addressing plea agreement challenges presume the plea record is correct, and when it is inconsistent with the defendant's claims in any subsequent collateral proceedings asserting the plea was not voluntary, the claimant faces a "formidable barrier" because "solemn declarations in open

court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Although neither the state courts addressing Sills' claims nor this Court were provided with any transcribed record of Sills' change of plea or sentencing hearings, the record does contain the following material documents: the fully-executed Plea Of Guilty/No Contest - Felony form (Lodgment No. 2); and a readiness conference minute order memorializing Sills' notification to the court of an intent to change his plea with the notations he "is advised of his constitutional rights and waives those rights," he "is sworn and examined," he "withdraws his previously entered plea of not guilty," he "enters a plea of guilty" to the charges in Count 1, Count 2, and Count 5, he "**admits** the following prior(s): 1 Serous Felony Prior per PC 667(a); 1 Strike Prior per PC 667(b)-(i)/PC 1170.12", and he "tenders a Harvey waiver" and "tenders an Arbuckle waiver." (Lodgment No. 3.) A December 22, 2008 Abstract Of Judgment noted his sentencing hearing occurred on December 19, 2008. (Lodgment No. 4). Thus, the record memorializes that Sills appeared in open court and was examined by a trial judge under oath before the court accepted his guilty pleas to two of the felony charges and to one of the misdemeanor charges, obtained his admission of the prior serious/strike felony conviction in Oregon, and confirmed his California sentence consequently would be calculated as a second strike case also carrying a five-year enhancement for that prior conviction, consistent with the change of plea form. (Lodgment No. 3.) Sills received the bargained-for 18 year sentence.

Sills relies on Boykin v. Alabama, 395 U.S. 238 (1969) as support for his argument that his "admission of the prior was no[t] knowing, voluntary, and intelligent under all circumstances; therefore remand for a trial on the validity of [the] prior allegation is required." (Pet. 7, ECF No. 5.) "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." Boykin, 395 U.S. at 242 (holding "It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary"). "Admissibility of a confession must be based on a 'reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant.' " Id. (citation omitted).

However, the Boykin authority is factually distinguishable from Sills' circumstances. The Boykin Court found reversible error in that defendant's robbery convictions and death sentence based

on a record which did not satisfy federal standards requiring an affirmative showing that the defendant's guilty plea was voluntary and intelligent. That defendant had pled guilty at his arraignment, there was no indication the judge asked the defendant any questions concerning his plea, and the defendant did not address the court. Id. at 239. At a subsequent penalty phase trial, the defendant's attorney "engaged in cursory cross-examination, petitioner neither testified himself nor presented testimony concerning his character and background, . . . [t]here was nothing to indicate that he had a prior criminal record," and the trial court stressed to the jury that the defendant had pled guilty to the five charged robberies by violence or causing fear, each carrying a potential sentence in the range of a ten-year prison term to death. Id. at 240. The jury returned a death sentence on each count.

The Boykin facts and circumstances bear no resemblance to Sills'. Sills changed his plea to guilty after engaging in plea bargaining. In exchange for his guilty plea to two felonies and one misdemeanor from the scores of charges in the complaint, the government dropped two of the four felony lewd and lascivious conduct charges as well as about 100 additional misdemeanor counts for possession of child pornography. (See Lodgment Nos. 1-3.) Sills was represented by counsel before, during, and after his change of plea. The California Court of Appeal disposed of this claim in an objectively reasonable manner based on the record presented:

> Sills contends that his guilty plea was not intelligently made. His argument rests exclusively on the presumption, which we have already rejected, that the prior Oregon conviction was insufficient to support the enhancements under Penal Code sections 667, subdivision (a)(1) and 667, subdivisions (b)-(i). Considering the significant potential penalties, Sills' plea seems to be an intelligent alternative, and Sills offers no other explanation to support his claim that his waiver of his right to trial was not knowing and intelligent. Petitioner bears the burden of stating a prima facie case for relief; otherwise, the court will summarily deny the petition. (People v. Duvall (1995) 9 Cal.4th 464, 474-475.) Sills has not stated a prima facie case for relief.

(Lodgment No. 8.)

Sills' categorical contention that he "was not made aware of the penal plea consequences of his admissions, as a five year prior felony application" (Pet. 8, ECF No. 5) is belied by the plea agreement form item 2 he initialed, expressly identifying a "5 year serous prior" as a component of the stipulated 18 year sentence (Lodgment No. 2 at 1), and by the minutes of his change of plea hearing memorializing his admission under oath that he had one serious felony and strike prior as defined in the cited California Penal Code sections pursuant to which he was to receive that stipulated five-year

sentencing enhancement (Lodgment No. 3). In addition, as found by the state courts, Sills' argument is predicated on an erroneous construction of the term "conviction" for purposes of prior strike enhancements under California law. *See* Section II.C.2, below.

The record supports the objective reasonableness of the state court's determination on the merits that Sills' plea was constitutionally valid. He identifies no basis in the record from which this Court, applying the requisite AEDPA deference, could conclude the state court result constitutes an unreasonable determination of the facts, nor does he identify any legal authority from which this Court could conclude the result was contrary to or an unreasonable application of controlling federal law. 28 U.S.C. § 2254(d). It is therefore recommended relief on Ground One be **DENIED**.

### 2. Ground Two: Illegal Sentence Using Oregon Prior Conviction

Sills relies on the inapposite case of Burgett v. Texas, 389 U.S. 109 (1967) to support his argument he received an "enhanced sentence based on materially false and unreliable information." (Pet. 9, ECF No. 5.) The Burgett Court reversed a Texas conviction for assault with intent to murder because allegations that the defendant had suffered three prior felony convictions for forgery in Tennessee that were used to enhance his punishment for the Texas crimes were not supported in the certified records of the Tennessee convictions with a showing the defendant was represented by counsel or waived counsel in those cases. That defect raised a presumption that he was denied his right to counsel in violation of the Sixth Amendment, and the Tennessee convictions should therefore have been deemed void in the subsequent Texas prosecution. Sills alleges no such constitutional defect associated with his Oregon conviction. Rather, he contends that the Oregon criminal proceedings were not complete, and therefore he had not yet been convicted of the felony used to enhance his California sentence.

Respondents succinctly extract from Sills' Petition statement of Ground Two the three components of the claim: "1) the use of his Oregon prior conviction prior to final sentencing was illegal; 2) the use of his Oregon prior conviction as a strike before permitting the Oregon court to specify a lesser conviction was illegal; and 3) the plea agreement did not inform him his prior Oregon conviction could be used as a strike. . . ." (Answer 2, ECF No. 11.) Sills' contention his plea agreement did not inform him his prior Oregon conviction could be used as a strike under California

sentencing law is a facially inaccurate description of the record described above. His other two arguments in support of Ground Two have no merit. The California Court of Appeal disposed of this claim in an objectively reasonable manner:

> In 2000, Sills was convicted in Jackson County, Oregon, of public indecency and sexual abuse in the first degree. He failed to appear at his sentencing hearing; a bench warrant for his arrest was issued and remains outstanding. In 2008 Sills pleaded guilty to two counts of Penal Code section 288, subdivision (a) (lewd or lascivious acts on a child under the age of 14) and admitted a five-year enhancement allegation under Penal Code section 667, subdivision (a)(1), and a prior strike conviction allegation under Penal Code section 667, subdivision (b)-(i), and was sentenced to a term of 17 years in prison. Now Sills contends that his sentence was illegally enhanced using an unconstitutional prior conviction, the 2000 Oregon conviction. Sills does not dispute the existence of that conviction. Rather, he argues that, because he was never sentenced under that conviction, it cannot serve as a prior strike conviction to double his sentence or as a Penal Code section 667, subdivision (a), five-year enhancement. Neither the five-year enhancement under Penal Code Penal Code section 667, subdivision (a)(1), nor the prior strike enhancement under Penal Code section 667, subdivisions (b)-(i), requires prior prison time. Rather, those code sections impose enhancements for each prior conviction. Consequently, the enhancements were appropriate, and Sills is not entitled to relief on this claim.

(Lodgment No. 8.)

As in his Ground One claim, Sills relies on an erroneous definition of "conviction." At the time of his plea and sentencing in California, he argues his Oregon conviction remained an "open" case. He admits that a jury had convicted him of one of the four charges in the Oregon prosecution, that he had pled guilty to the second of those charges, that the third charge had been dismissed, but that the fourth charge was yet to be tried, and the Oregon court had not yet imposed a prison sentence.

> Petitioner's Oregon case began in June 1999, trial in June 2000. Before trial started, he pled guilty to count-2 of a four count indictment, count-3 was dismissed. After trial, the jury found him guilt of count-1, count-4 remained pending a [sic] separate trial. Petitioner absented himself from the sentencing and further trial proceedings in the search to locate witnesses that the Oregon court denied a continuance of time to locate. . . . Petitioner was subsequently charged, April 2006, in California, and is currently serving a 18 year sentence there.

(Pet. 12, ECF No. 5.)

Sills ensured through his own conduct that he would evade sentencing on the completed Oregon prosecutions by absconding from the state.

> Petitioner was present at the commencement of his jury trial, but absented himself from the sentencing proceedings in the search to locate witnesses that the Oregon Court denied a continuance of time to locate. The witnesses would have provided exculpatory testimony and evidence to his innocence.

(Pet. 43, ECF No. 5-1.)

In his Traverse, Sills admits:

(1) Petitioner Sills did have a violation of law indictment filed 6/10/99. In the Circuit Court of the State of Oregon for Jackson County, case name: State of Oregon v. Gabriel David Sills, case no. 09-2639-FE.

(2) Petitioner Sills went to trial in the above reference case on 6/6-8/2000. A sentencing date was scheduled for the above case on 8/4/2000 which Petitioner absented himself from, and a arrest warrant was issued on 8/4/2000. (The above facts were in Oregon).

(Traverse 10, ECF No. 15.)

Sills argues from those facts that he had not actually suffered a prior "conviction" in the Oregon case, despite acknowledging on his plea form and at his change of plea hearing that he had a conviction in Oregon that was going to be used to enhance his California sentence. Although he casts Ground Two as an "unconstitutional sentence" claim, the gist of the claim is rooted in state law, in particular the construction of what constitutes a "conviction." He attempts to bootstrap his willful avoidance of the consequences of his Oregon conviction by arguing the prosecution of that case is consequently incomplete. He thus appears to confuse "conviction" (that is, "[t]he act or process of judicially finding someone guilty of a crime; the state of having been proved guilty," Black's Law Dictionary 384 (9th ed. 2009)) with "judgment" (that is, "[a] court's final determination of the rights and obligations of the parties to a case," disposing of all issues in controversy (id. 918)). Under California criminal law, a "conviction" for purposes of the state's three strikes provisions means the factual determination of guilt by verdict or plea. (See Lodgment No. 15, slip op. at 3-5.) In rejecting this claim, the California courts construed the state's three strikes law as encompassing Sills' circumstances. (See Lodgment No. 15 slip op. at 4-5 (demonstrating the state's construction "of what constitutes a strike and/or a prior").) Federal habeas courts may not "reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990) (federal courts "have no authority to review a state's application of its own laws").

Sills also argues that the three strikes law is unconstitutional as applied to him on "ex post facto" grounds. (Pet. 9, ECF No. 5.) He contends he received an "ex post facto" aggravation of his

sentence because the Oregon sexual abuse conviction used to enhance his California sentence was "not final or sentenced," he did not receive notice of the "retro-active additional punishment to pending Oregon case # 992638FE, nor to the use of unadjudicated final conviction in Oregon with sentencing factors for basis as aggravating enhancements by California to impose a second strike or five year enhancements." (Id.) He speculates the California conviction may adversely affect his ultimate Oregon sentence, another purported ex post facto defect. However, he identifies no controlling United States Supreme Court authority that would permit this Court to "reverse or remand [this matter] for resentencing of his convictions" (Traverse 11, ECF No. 15) in the California case on those grounds, nor any authority for this Court to involve itself with the Oregon matter through this Petition.

      Sills' Petition also references the Eighth Amendment in connection with his challenge to the length of his sentence for the California offenses. (Pet 9, ECF No. 5.) However, the Supreme Court has emphasized that a term of years sentence violates the constitution only in extraordinary circumstances exhibiting "gross disproportionality." Lockyer v. Andrade, 538 U.S. 63, 77 (2003) (upholding a California three-strikes sentence of 25 years to life for two petty theft convictions as not "contrary to" nor an "unreasonable application " of clearly established United States Supreme Court decisions applying the gross disproportionality principle); see Crosby, 1012 WL 1561032 at *7 (discussing the Ninth Circuit's application of the Supreme Court's "nebulous gross disproportionality test in a number of habeas cases challenging convictions under California's Three Strikes Law"). Sills cites no pertinent authority to support his inferred characterization of his 17-year sentence for two counts of felony sexual abuse of a minor as "grossly disproportionate" to the crimes, particularly when the plea bargain he accepted to arrive at that term of years relieved him of answering for multiple additional charged counts exposing him to a much longer sentence.

      Finally, Sills supports his additional summary contention that "California's three strikes law is unconstitutional" (Pet. 9, ECF No. 5) with no substantiating federal authority. The argument is without merit. A prior conviction can constitutionally be used to increase the penalty for a crime beyond the statutory maximum without the need to submit that fact to a jury for proof beyond a reasonable doubt. Cunningham v. California, 549 U.S. 270, 288-89 (2007) (holding California's determinate sentencing law ("DSL") at that time, authorizing a judge rather than a jury to find facts

by a preponderance of the evidence exposing a defendant to an elevated upper term sentence, violated a defendant's right to trial by jury, "except for the fact of a prior conviction," which may be used constitutionally to increase the penalty for a crime beyond the prescribed statutory maximum); *see* Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Sills was sentenced after California's DSL was amended in response to Cunningham, and he received the presumptive maximum middle-term sentence of 6 years for each of the felony convictions predicated on his guilty plea convictions. Each sentence was doubled by operation of the three strikes law, and the five-year enhancement was also based solely on his prior Oregon conviction. The imposition of sentencing enhancements for recidivist criminal offenders predicated on prior felony convictions, as occurred in Sills' case, is not contrary to United States Supreme Court precedent on that point.

According the requisite deference to the state court results, it is recommended the Court find that Sills' custody comports with controlling federal authority, and that the state courts reached objectively reasonable factual findings in upholding his conviction and sentence. 28 U.S.C. § 2254(d); *see* Harrington, 131 S.Ct. at 785-86. Relief on Ground Two should be **DENIED**.

### 3. Ground Three: Ineffective Assistance Of Counsel

Sills alleges he received ineffective assistance of counsel ("IAC") associated with his change of plea and at sentencing. (Pet. 10, ECF No. 5.) The California Court of Appeal disposed of this claim in an objectively reasonable manner:

> Sills also argues he was deprived of effective assistance of counsel in connection with his plea bargain. "[A] defendant claiming ineffective assistance of counsel under the federal or state Constitution must show both deficient performance under an objective standard of professional reasonableness and prejudice under a test of reasonable probability of a different outcome." (People v. Ochoa (1998) 19 Cal.4th 353, 445; accord Strickland v. Washington (1984) 466 U.S. 668, 687). Sills has demonstrated neither that his counsel's performance was deficient, nor that he would have obtained a better outcome had he not accepted the plea bargain. To the contrary, Sills admits he faced a significantly longer sentence than he obtained under the plea (up to 106 years).

(Lodgment No. 8.)

When an alleged ineffective assistance of counsel claim implicates the voluntariness of a guilty plea, a federal constitutional claim is stated. *See* Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). Nevertheless, judicial scrutiny of counsel's performance is always "highly deferential." Strickland v. Washington, 466 U.S. 668, 689 (1984). Courts approach an IAC analysis with the "strong

presumption" that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Cullen, 131 S.Ct. at 1403 ("We take a 'highly deferential' look at counsel's performance . . . through the 'deferential lens of § 2254(d)' ") (citation omitted); see Harrington, 131 S.Ct. at 788, 791-92 (reversing a Ninth Circuit en banc grant of habeas relief on an IAC claim for lack of sufficient deference to the state court result: "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so") (citations omitted). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly," but rather the petitioner "must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699 (2002); see Harrington, 131 S.Ct. at 786 ("[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

To prove ineffective assistance of counsel, the IAC claimant must establish both counsel's unreasonable performance and resulting prejudice. Strickland, 466 U.S. at 690, 694. To demonstrate constitutional error, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' " Harrington, 131 S.Ct. at 787, quoting Strickland, 466 U.S. at 687. To demonstrate prejudice, the petitioner must show that "but for counsel's unprofessional errors," there is a reasonable probability "the result of the proceeding would have been different." Strickland, 466 U.S. at 690. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see Harrington, 131 S.Ct. at 792 ("The likelihood of a different result must be substantial, not just conceivable"). "Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S.Ct. at 788 ("[T]he question is not whether counsel's actions were reasonable," but rather "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard"). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Id. at 787, quoting Strickland, 466 U.S. at 688.

Sills identifies no factual basis from the record for a finding his attorneys rendered

constitutionally deficient representation in obtaining a plea bargain that substantially reduced Sills' exposure to a significantly longer prison term and that was honored at his sentencing. The failure of the deficient performance prong of the <u>Strickland</u> test obviates the need to analyze the prejudice prong, as both are required before a petitioner can prevail on an IAC theory. In any event, Sills attempts no demonstration that could remotely support a conclusion that "but for" counsel's performance, he would have obtained a better outcome, either concerning the plea agreement or at sentencing. Applying the "doubly deferential" standards of <u>Strickland</u> and of 28 U.S.C. § 2254 review to this record, it is recommended relief on Ground Three be **DENIED**.

### 4. Ground Four: Access To Courts Denied By Speedy Trial Right Violation

Sills asks this Court to dismiss the charges in the Jackson County, Oregon case because "the length of delay to appear in court is violation [*sic*] of speedy trial guarantee," a denial of access he attributes to both "California and Oregon courts and laws." (Pet. 12, ECF No. 5.) That requested relief is beyond the scope of federal habeas relief available through a petition challenging a prisoner's California custody for California convictions.

Sills alleges in Ground Four that California and Oregon authorities obstructed his extradition back to Oregon after he was detained for the California crimes, allegedly causing violations of his constitutional rights to access to the courts and to a "speedy trial" because the upshot was a delay in a final disposition of the Oregon case. (Traverse 10-11, ECF No. 15; *see* Pet. 12, ECF No. 5.)

> Petitioner asserts upon his incarceration period while at the San Diego County Jail, [] he received information while his trial was pending, that the Oregon defense witnesses were finally located and voluntarily able to testify to exculpatory testimony previously unavailable to Petitioner. The Oregon witnesses and previously unavailable evidence exculpatory to Petitioner's trial are not available. Although, now Cal. Dept. of Corr. refuse to provide extradition to Oregon jurisdiction.

(Pet. 53-54, ECF No. 5-1.)

Sills contends he tried to have himself transported back to Jackson County, Oregon under the Interstate Agreement on Detainers ("IAD"), representing he "was transported to Jackson County, Oregon arriving on or about 5-17-2010," a delay of six years since his 2000 conviction. He alleges the delay violated not only "the 180 day time provision of the IAD" but also "has violated his right to a fair and speedy trial and sentencing" in the Oregon courts. (Pet. 12, ECF No. 5.) Of course, the record

reflects the delay in obtaining a final judgment in the Oregon case was caused by Sill's own willful fugitive status until his arrest in California, as described above and as summarized in the probation report prepared for his December 2008 sentencing in San Diego County Superior Court. (*See* Lodgment No. 15, slip op. at 4.) The California Court of Appeal disposed of this claim in an objectively reasonable manner that comports with federal authority.

> Finally, Sills contends he was deprived of access to Oregon courts because of his California conviction. He claims the California Department of Corrections and Rehabilitation (CDCR) failed to process his requests to return to Oregon for sentencing, violating his right to a speedy trial and the Interstate Agreement on Detainers. Again, Sills has not stated a prima facie case for relief. In response to his requests to be transported to Oregon, CDCR consistently has instructed Sills to seek relief from the appropriate authority in Oregon. Under these circumstances, there is no showing Sills is entitled to relief from California courts. We do not address petitioner's challenge to the superior court's order denying his petition in that court. (In re Clark (1993) 5 Cal.4th 750, 767, fn. 7.) The petition is denied.

(Lodgment No. 8.)

Sills identifies no basis from which this Court could find warranted the application of the 28 U.S.C. § 2254(d) exception to the AEDPA prohibition against a federal habeas court "relitigating... any claim 'adjudicated on the merits' in state court." Harrington, 131 S.Ct. at 784.

For all the foregoing reasons, it is recommended the Court find the state court result denying Sills relief on his four federal constitutional claims comports with controlling United States Supreme Court authority and reaches objectively reasonable factual determinations from the record presented. AEDPA accordingly does not permit this Court to disturb that result. The Court should **DENY** the Petition in its entirety, as Sills is not in custody in violation of federal law. 28 U.S.C. § 2254(a).

## III. CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge Marilyn L. Huff under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** this habeas Petition be **DENIED** in its entirety on grounds the Petitioner is in custody in violation of no federal right from the record presented. **IT IS FURTHER RECOMMENDED** the Court issue an Order (1) approving and adopting this Report and Recommendation and (2) directing that judgment be entered denying the Petition.

1    **IT IS HEREBY ORDERED** no later than **June 29, 2012**, any party to this action may file
2    written objections with the Court and serve a copy on all parties. The document should be captioned
3    "Objections to Report and Recommendation."

4    **IT IS FURTHER ORDERED** any Reply to the Objections shall be filed with the Court and
5    served on all parties no later than **July 6, 2012**. The parties are advised that failure to file objections
6    within the specified time may waive the right to raise those objections on appeal of the Court's Order.
7    See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1157 (9th
8    Cir. 1991).

9    DATED: 6/15, 2012

                                              HON. KAREN S. CRAWFORD
                                              UNITED STATES MAGISTRATE JUDGE