# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GABRIEL SILLS, | CASE NO. 10-CV-2650-H (KSC) |
|---|---|
| Petitioner, | **ORDER:** |
| vs. | **(1) DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254** |
| TIMOTHY E. BUSBY, et.al., | **(2) ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE** |
| Respondents. | **(3) DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Gabriel Sills ("Petitioner") a state prisoner proceeding pro se, filed a First Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") on January 31, 2011, seeking relief from his December 2009 conviction. (Doc. No. 5.) Petitioner pled guilty to two felony counts of committing lewd and lascivious acts with a child and one misdemeanor count of possession or control of child pornography, and agreed to a five-year sentence enhancement for an admitted prior conviction carrying a strike consequence. (Lodgment No. 2.) Petitioner did not appeal the judgment of conviction but chose to pursue collateral relief in the state court. (Doc. No. 5; Lodgment Nos. 5, 7, 9.) On March 23, 2011, Respondents unsuccessfully moved to dismiss the petition on the grounds that it was untimely.

1  (Doc. No. 10.) Respondents then filed an Answer opposing any habeas relief and Petitioner
2  filed a Traverse. (Doc. No. 11, 15.)  The magistrate judge issued a Report and
3  Recommendation on June 15, 2012 recommending that the Court deny the Petition. (Doc. No.
4  19.) Petitioner filed an objection to the Report and Recommendation on July 3, 2012.  (Doc.
5  No. 20.) For the following reasons, the Court adopts the Report and Recommendation and
6  denies the petition.

**Background**

8  On April 26, 2008, Petitioner was charged with four counts of lewd and lascivious acts
9  on a child under the age of 14 years in violation of Cal. Penal Code § 288(a), with special
10 allegations elevating the sentencing range for each count to 25 years to life, and with 100
11 separate counts for possession of computer images depicting persons under the age of 18 years
12 of age engaged in or simulating sexual conduct, in violation of Cal. Penal Code § 311.11.
13 (Lodgment No. 1 at 1-8.) The complaint also identified a March 20, 2000 conviction sustained
14 in Medford, Oregon for sexual abuse that qualified as a first serious felony and strike prior
15 under Cal. Penal Code § 667(a)(1).  (Id. at 31.)

16 On October 31, 2008, Petitioner pled guilty to felony counts 1 and 2, and misdemeanor
17 count 5.  (Lodgment No. 2 at 1.) On the plea form, Petitioner checked boxes stating that he
18 was entering his "plea freely and voluntarily," gave up his right to appeal "issues related to
19 strike priors and any sentence stipulated," and acknowledged his understanding that the
20 sentencing judge could consider his "prior criminal history and the entire factual background
21 of the case" when imposing sentence. (Id. at 1-2.) He also identified his felony sexual abuse
22 strike prior and recorded his understanding that the total agreed sentence was for a "5 year
23 serious prior & strike stip of 18 years." (Id.)  Pursuant to the plea agreement, the Superior
24 Court sentenced Petitioner to the stipulated 18-year term on December 19, 2008.

25 Petitioner argues that his guilty plea is not valid because his admission of the felony
26 strike prior was not intelligent. (Doc. No. 5) Next, he contends that the use of his prior
27 convictions to enhance his sentence is unconstitutional because it was not a "conviction" and
28 it was excessive. Id. He also asserts that he received ineffective assistance of counsel. Id.

1  Finally, he claims that he was denied access to courts in violation of his constitutional right to
2  a speedy trial. Id.  He raised the same claims in petitions for habeas corpus relief filed in the
3  San Diego Superior Court, the California Court of Appeal, and the California Supreme Court.
4  (Lodgment Nos. 5, 7, and 9.)  All three courts denied his petition, with the Court of Appeal
5  order of April 27, 2010 as the last reasoned state court opinion to address the federal issues.
6  (Lodgment No. 8, In re Sills, case No. D056997.)

## Analysis

### I.   Standard of Review

A federal court reviews an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court only on the ground that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the review of the petition in this case. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  AEDPA imposes a "'highly deferential standard for evaluating state-court rulings,'" requiring that "state court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002), (quoting Lindh, 521 U.S. at 333 n. 7).  Section 2254(d) bars a federal court from relitigating any claim "adjudicated on the merits" in state court unless the result "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "[R]eview under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1398 (2011).

A decision is "contrary to" clearly established precedents if it "applies a rule that contradicts the governing law set forth in our cases," or if it "confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but reaches a different result. Early v. Packer, 537 U.S. 3, 8 (2002)(quoting Williams v. Taylor, 529 U.S. 362, 405-406).  A decision is "an unreasonable application of clearly established federal law" if the state court

1 "correctly identifies the governing legal rule but applies it unreasonably to the facts of a
2 particular prisoner's case." Williams, 529 U.S. at 407-408. The decision must be more than
3 just "incorrect or erroneous;" it "must [be] objectively unreasonable." Wiggins v. Smith, 539
4 U.S. 510, 520-21 (2003). The petitioner must show that "'there was no reasonable basis' for
5 the state high court's decision." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 784 (2011).
6 These standards are applied to "the last reasoned decision" by a state court on the merits of the
7 federal constitutional claims raised by a state prisoner seeking relief from sentence. Campbell
8 v. Rice, 408 F.3d 1166, 1170 (9th Cir. 2005).

**II.   Discussion**

    **A.   Constitutionality of Use of Prior Conviction to Enhance Sentencing**

Petitioner argues that the use of his prior Oregon conviction to enhance his California sentence is unconstitutional because he was never sentenced in the Oregon proceedings. (Doc. No. 5.) Petitioner is incorrect. Under California law a "conviction" for purposes of the state's three strikes law is a factual determination of guilt by verdict or plea. People v. Kirk, 141 Cal. App. 4th 715, 721-22 (2006). California courts have held that a sentence is not required for a conviction to count for three strikes purposes. Id.; see also People v. Rhoads, 221 Cal. App. 3d 56, 59 (1990). In its reasoned opinion, the California appellate court held that California's definition of a "conviction" for three strikes purposes encompasses the result in Petitioner's Oregon proceeding. (See Lodgment No. 15, slip. op. at 3-5.) Federal habeas courts cannot "reexamine state-court determinations on state law questions." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Jackson v. Ylast, 921 F.2d 882, 885 (9th Cir. 1990). To the extent that Petitioner is challenging this determination, the trial court's ruling is not within the scope of federal habeas review.

Further, Petitioner provides no federal authority to support his other argument that the use of the Oregon conviction to enhance his California sentencing is unconstitutional under the Eighth Amendment. (Doc. No. 5). The Supreme Court has emphasized that a term of years sentence only violates the Constitution in extreme circumstances exhibiting "gross disproportionality" to the crime of conviction. Locker v. Andrade, 538 U.S. 63, 77 (2003).

1  Petitioner cites no pertinent authority to support his claim that his 18 year sentence for two
2  felony counts of sexual abuse for a minor and a misdemeanor for possession of child
3  pornography is grossly disproportionate. Finally, Petitioner presents no authority to support
4  his summary contention that California's three strikes law is unconstitutional. To the contrary,
5  the Supreme Court has held that a prior conviction can constitutionally be used to increase the
6  penalty for a crime. See, e.g., Cunningham v. California, 549 U.S. 270, 288-89 (2007).

7  Petitioner's custody comports with controlling federal authority and the state courts
8  reached objectively reasonable factual findings in upholding his conviction and sentence. See
9  28 U.S.C. § 2254(d).

10 **B.    Validity of Petitioner' Guilty Plea**

11  A guilty plea is valid under the Fifth Amendment if made voluntarily and intelligently
12 by a competent defendant. Brady v. United States, 397 U.S. 742, 755-56 (1970). A guilty
13 plea is intelligent and voluntary when it is "entered by one fully aware of the direct
14 consequences" of the plea, without having been induced by threats or improper promises. Id.
15 at 756.

16  Here, the state court's determination that Petitioner's plea was intelligent and
17 constitutional was objectively reasonable. Id. at 755-56. Petitioner appeared in open court and
18 was examined by a trial judge under oath before the court accepted his guilty plea. (Lodgment
19 No. 3.) The sentencing court obtained his admission of the prior serious strike felony
20 conviction in Oregon, and confirmed that his California sentence consequently would be
21 calculated as a second strike case also carrying a five-year enhancement for the prior
22 conviction. Id. Petitioner signed a change of plea form that specifically acknowledged that
23 his Oregon conviction would be used to enhance his California sentence for a stipulated 18
24 year sentence. (Lodgment No. 2.) The plea form also acknowledged that Petitioner was
25 represented by counsel at all relevant times. Id.

26  Petitioner mistakenly cites Boykin v. Alabama, 395 U.S. 238 (1969) to support his
27 argument that his plea was not made intelligently. In Boykin, there was no indication that the
28 defendant had been informed of any of the consequences of his guilty plea. Id. at 239.  In

1 contrast, the record in this case shows that the judge ensured that Petitioner was aware of the
2 consequences of his plea. (Lodgment 3.)  Petitioner changed his plea to guilty after bargaining
3 with the prosecution for a lighter sentence, was represented by counsel at all phases of the
4 proceedings, and signed and initialed a plea agreement form expressly identifying a "5 year
5 serious prior" as a component of the stipulated 18 year sentence.  Id.  After reviewing the
6 record, the Court concludes that the state court's determination that Petitioner's plea was
7 intelligently made was objectively reasonable.  Brady, 397 U.S. at 755-56.

8 Petitioner's argument that his guilty plea was not made intelligently also rests on his
9 erroneous interpretation of California law. (Doc No. 5.)  Petitioner contends that he could not
10 plead guilty because the use of the prior Oregon conviction was a violation of his constitutional
11 rights.  Id.  However, California law provides that prior convictions are properly used to
12 enhance his California sentence.  Kirk, 141 Cal. App. 4th at 721-22.  Furthermore, he
13 acknowledges in writing in pleading guilty that his Oregon conviction would be used as a prior
14 strike. (Lodgment No. 2.)  Thus, Petitioner was aware that the court would take his Oregon
15 conviction into account when it sentenced him, and it was not unconstitutional for it to do so.

16 Based on the record before it, the California Court of Appeal's determination that
17 Petitioner's plea was voluntarily and intelligently made is objectively reasonable.  Brady, 397
18 U.S. at 755-56.  Therefore, Petitioner has not met his burden under Section 2254(d) to show
19 that the state court's decision was an objectively unreasonable interpretation or application of
20 law.

21 **C.    Ineffective Assistance of Counsel**

22 To prove that his counsel provided ineffective assistance, Petitioner must establish both
23 counsel's performance was unreasonably deficient and that the deficient performance
24 prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 689 (1984).  To establish
25 that counsel's performance was unreasonable, Petitioner must show that counsel "fell below
26 an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  In order for such an
27 unreasonable performance to reach the level of unconstitutionality the attorney must have
28 "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

1 defendant by the Sixth Amendment." Id. at 687.  To demonstrate prejudice, the petitioner must
2 show that "but for counsel's unprofessional errors" there is a reasonable probability that "the
3 result of the proceeding would have been different." Id. at 690.  Judicial scrutiny of counsel's
4 performance is always "highly deferential." Id.  When applied in connection with § 2254(d),
5 it is "doubly so." Harrington, 131 S.Ct. at 788.  The question is "whether there is any
6 reasonable argument that counsel satisfied Strickland's deferential standard." Id.

7      The state court concluded that Petitioner did not identify any factual basis from the
8 record for a finding that his attorneys rendered constitutionally deficient representation or that
9 he would have obtained a better outcome had he not accepted the plea bargain. (Lodgment No.
10 8.)  In fact, the record shows that Petitioner's plea reduced his potential exposure to a
11 significantly longer prison term. Id.

12      Petitioner's allegations concerning counsel's performance do not meet the first prong
13 of the Strickland test.  Petitioner's allegations simply do not establish that his counsel acted
14 in an objectively unreasonable way.  Strickland, 466 U.S. at 688.  For example, Petitioner
15 states that his counsel should have brought a motion to dismiss on Sixth Amendment grounds.
16 (Doc. No. 5.)  Petitioner believes the length of time over which the prosecution charged him
17 for his crimes was excessive and violated his Sixth Amendment right to notice. Id.  The Sixth
18 Amendment requires the indictment to state "the elements of an offense charged with sufficient
19 clarity to apprise a defendant of what to defend against." Miller v. Stagner, 757 F.2d 988, 994
20 (9th Cir. 1985) (quoting Russell v. United States, 369 U.S. 749, 763-764 (1962).)  The felony-
21 complaint filed by the State states the elements of Petitioner's offense with sufficient clarity
22 to apprise him that he needed to defend against several charges that he had committed lewd
23 acts on a minor  (Lodgment No. 1.)  The fact that the prosecution was non-specific as to the
24 actual date the violations took place does not matter, since the date on which these lewd acts
25 were committed is not an element of the offense. See Cal. Penal Code § 288(a) (Requires an
26 offender to have "willfully and lewdly commit any lewd or lascivious act . . . upon or with the
27 body, or any part or member thereof, of a child who is under the age of 14 years, with the
28 intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person

1 or the child.") A motion to dismiss would have been futile, and "counsel's failure to make a
2 futile motion does not constitute ineffective assistance of counsel." James v. Borg, 24 F.3d 20,
3 27 (9th Cir. 1994).

4 Furthermore, Petitioner has not established that such performance was detrimental to
5 his defense. Accordingly, the Court concludes that the state court made an objectively
6 reasonable determination rejecting Petitioner' claim of ineffective assistance of counsel.
7 Harrington, 131 S.Ct. at 788.

**D.     Extradition to Oregon**

9 Finally, the state court made an objectively reasonable determination that Petitioner
10 cannot seek relief for the alleged obstruction of his extradition to Oregon by "both California
11 and Oregon courts and laws" in a California court. (Doc. No. 5.) The Sixth Amendment
12 provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . .
13 trial." U.S. Const. amend. VI. However, there is no fixed time period required to satisfy the
14 Sixth Amendment, and the United States Supreme Court does "not establish rules for the
15 States, except when mandated by the Constitution." Barker v. Wingo, 407 U.S. 514, 530, 523
16 (1972).

17 Petitioner contends that he was not extradited to Oregon to be sentenced for his 2000
18 convictions and to be tried for the remaining count from that proceeding until "at or about 5-
19 17-2010." (Doc. No. 5.) He claims that this delay was unconstitutional. Id. The majority of
20 the delay was a result of his own actions in absenting himself from the Oregon proceedings.
21 Id. Petitioner fled from Oregon during the sentencing proceedings and before he was tried on
22 one count of the indictment. Id. "When the defendant seeks to 'avoid detection by American
23 authorities' and any post-indictment delay can be attributed to him, he waives the right to a
24 speedy trial." United States v. Sandoval, 990 F.2d 481 (9th Cir. 1993)(citations omitted.)

25 Petitioner further argues that the actions of California state officials violated the
26 Interstate Agreement on Detainers ("IAD"). (Doc. No. 5.) "The IAD is a congressionally
27 sanctioned interstate compact and is thus a law of the United States, whose interpretation
28 presents a federal question." Tinghitella v. State of Cal., 718 F.2d 308, 310. "The IAD

provides that where a prisoner incarcerated in one state makes a proper request for trial of 'any untried indictment' pending in another state 'on the basis of which a detainer has been lodged against the prisoner,' the prisoner must be 'brought to trial' within 180 days of the request. . ." Id. (citing Interstate Agreement on Detainers Act, Pub. L. No. 91-538, art. III(a), 84 Stat. 1397 (1970).)  The remedy for a violation of the IAD's 180 day provision is dismissal of the indictment by the state that has failed to bring the prisoner to trial.  Interstate Agreement on Detainers Act, Pub. L. No. 91-538, art. V(c), 84 Stat. 1397 (1970).)  The California Court of Appeal held that "there is no showing that [Petitioner] is entitled to relief from California courts" on the IAD issue, and that the proper course of action would be to seek relief from the appropriate authority in Oregon. (Lodgment No. 8.) Petitioner has not identified any authority that would allow a California Court to dismiss an Oregon criminal proceeding.  Accordingly, the Court concludes that the state court made an objectively reasonable decision in denying the petition on these grounds.  Harrington, 131 S.Ct. at 784.

### III.    Denial of Certificate of Appealability

Under AEDPA, a state prisoner seeking to appeal a district court's denial of a habeas petition must obtain a certificate of appealability ("COA") from the district court judge or a circuit judge.  28 U.S.C. § 2253(c)(1)(A).  A COA may issue only if the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In the present case, the Court concludes that petitioner has not made such a showing and so the Court denies Petitioner a COA.

### Conclusion

Petitioner has not established that the state court's determination "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States" or that it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." See 28 U.S.C. § 2254(d)(1)-(2).  Petitioner's request for evidentiary hearings to settle various factual issues in

his petition is denied.  See Cullen, 131 S.Ct at 1400.  Accordingly, the Court adopts the Magistrate Judge's report and recommendation and denies the petition for habeas corpus.

**IT IS SO ORDERED**

DATED: September 18, 2012

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT