# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL SILLS,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br><br>TIMOTHY E. BUSBY, et.al.,<br><br>　　　　　　　　Respondents. | CASE NO. 10-CV-2650-H (KSC)<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254**<br><br>**(2) ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE**<br><br>**(3) DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Gabriel Sills ("Petitioner") a state prisoner proceeding pro se, filed a First Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") on January 31, 2011, seeking relief from his December 2009 conviction. (Doc. No. 5.) Petitioner pled guilty to two felony counts of committing lewd and lascivious acts with a child and one misdemeanor count of possession or control of child pornography, and agreed to a five-year sentence enhancement for an admitted prior conviction carrying a strike consequence. (Lodgment No. 2.) Petitioner did not appeal the judgment of conviction but chose to pursue collateral relief in the state court. (Doc. No. 5; Lodgment Nos. 5, 7, 9.) On March 23, 2011, Respondents unsuccessfully moved to dismiss the petition on the grounds that it was untimely.

(Doc. No. 10.) Respondents then filed an Answer opposing any habeas relief and Petitioner filed a Traverse. (Doc. No. 11, 15.) The magistrate judge issued a Report and Recommendation on June 15, 2012 recommending that the Court deny the Petition. (Doc. No. 19.) Petitioner filed an objection to the Report and Recommendation on July 3, 2012. (Doc. No. 20.) For the following reasons, the Court adopts the Report and Recommendation and denies the petition.

## **Background**

On April 26, 2008, Petitioner was charged with four counts of lewd and lascivious acts on a child under the age of 14 years in violation of Cal. Penal Code § 288(a), with special allegations elevating the sentencing range for each count to 25 years to life, and with 100 separate counts for possession of computer images depicting persons under the age of 18 years of age engaged in or simulating sexual conduct, in violation of Cal. Penal Code § 311.11. (Lodgment No. 1 at 1-8.) The complaint also identified a March 20, 2000 conviction sustained in Medford, Oregon for sexual abuse that qualified as a first serious felony and strike prior under Cal. Penal Code § 667(a)(1). (Id. at 31.)

On October 31, 2008, Petitioner pled guilty to felony counts 1 and 2, and misdemeanor count 5. (Lodgment No. 2 at 1.) On the plea form, Petitioner checked boxes stating that he was entering his "plea freely and voluntarily," gave up his right to appeal "issues related to strike priors and any sentence stipulated," and acknowledged his understanding that the sentencing judge could consider his "prior criminal history and the entire factual background of the case" when imposing sentence. (Id. at 1-2.) He also identified his felony sexual abuse strike prior and recorded his understanding that the total agreed sentence was for a "5 year serious prior & strike stip of 18 years." (Id.) Pursuant to the plea agreement, the Superior Court sentenced Petitioner to the stipulated 18-year term on December 19, 2008.

Petitioner argues that his guilty plea is not valid because his admission of the felony strike prior was not intelligent. (Doc. No. 5) Next, he contends that the use of his prior convictions to enhance his sentence is unconstitutional because it was not a "conviction" and it was excessive. Id. He also asserts that he received ineffective assistance of counsel. Id.

Finally, he claims that he was denied access to courts in violation of his constitutional right to a speedy trial. Id.  He raised the same claims in petitions for habeas corpus relief filed in the San Diego Superior Court, the California Court of Appeal, and the California Supreme Court. (Lodgment Nos. 5, 7, and 9.)  All three courts denied his petition, with the Court of Appeal order of April 27, 2010 as the last reasoned state court opinion to address the federal issues. (Lodgment No. 8, In re Sills, case No. D056997.)

## Analysis

### I.  Standard of Review

A federal court reviews an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court only on the ground that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the review of the petition in this case. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). AEDPA imposes a "'highly deferential standard for evaluating state-court rulings,'" requiring that "state court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002), (quoting Lindh, 521 U.S. at 333 n. 7).  Section 2254(d) bars a federal court from relitigating any claim "adjudicated on the merits" in state court unless the result "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2).  "[R]eview under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1398 (2011).

A decision is "contrary to" clearly established precedents if it "applies a rule that contradicts the governing law set forth in our cases," or if it "confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but reaches a different result. Early v. Packer, 537 U.S. 3, 8 (2002)(quoting Williams v. Taylor, 529 U.S. 362, 405-406).  A decision is "an unreasonable application of clearly established federal law" if the state court

"correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams, 529 U.S. at 407-408. The decision must be more than just "incorrect or erroneous;" it "must [be] objectively unreasonable." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). The petitioner must show that "'there was no reasonable basis' for the state high court's decision." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 784 (2011). These standards are applied to "the last reasoned decision" by a state court on the merits of the federal constitutional claims raised by a state prisoner seeking relief from sentence. Campbell v. Rice, 408 F.3d 1166, 1170 (9th Cir. 2005).

**II.    Discussion**

    **A.    Constitutionality of Use of Prior Conviction to Enhance Sentencing**

Petitioner argues that the use of his prior Oregon conviction to enhance his California sentence is unconstitutional because he was never sentenced in the Oregon proceedings. (Doc. No. 5.) Petitioner is incorrect. Under California law a "conviction" for purposes of the state's three strikes law is a factual determination of guilt by verdict or plea. People v. Kirk, 141 Cal. App. 4th 715, 721-22 (2006). California courts have held that a sentence is not required for a conviction to count for three strikes purposes. Id.; see also People v. Rhoads, 221 Cal. App. 3d 56, 59 (1990). In its reasoned opinion, the California appellate court held that California's definition of a "conviction" for three strikes purposes encompasses the result in Petitioner's Oregon proceeding. (See Lodgment No. 15, slip. op. at 3-5.) Federal habeas courts cannot "reexamine state-court determinations on state law questions." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Jackson v. Ylast, 921 F.2d 882, 885 (9th Cir. 1990). To the extent that Petitioner is challenging this determination, the trial court's ruling is not within the scope of federal habeas review.

Further, Petitioner provides no federal authority to support his other argument that the use of the Oregon conviction to enhance his California sentencing is unconstitutional under the Eighth Amendment. (Doc. No. 5). The Supreme Court has emphasized that a term of years sentence only violates the Constitution in extreme circumstances exhibiting "gross disproportionality" to the crime of conviction. Locker v. Andrade, 538 U.S. 63, 77 (2003).

Petitioner cites no pertinent authority to support his claim that his 18 year sentence for two felony counts of sexual abuse for a minor and a misdemeanor for possession of child pornography is grossly disproportionate. Finally, Petitioner presents no authority to support his summary contention that California's three strikes law is unconstitutional. To the contrary, the Supreme Court has held that a prior conviction can constitutionally be used to increase the penalty for a crime. See, e.g., Cunningham v. California, 549 U.S. 270, 288-89 (2007).

Petitioner's custody comports with controlling federal authority and the state courts reached objectively reasonable factual findings in upholding his conviction and sentence. See 28 U.S.C. § 2254(d).

### B.    Validity of Petitioner' Guilty Plea

A guilty plea is valid under the Fifth Amendment if made voluntarily and intelligently by a competent defendant. Brady v. United States, 397 U.S. 742, 755-56 (1970). A guilty plea is intelligent and voluntary when it is "entered by one fully aware of the direct consequences" of the plea, without having been induced by threats or improper promises. Id. at 756.

Here, the state court's determination that Petitioner's plea was intelligent and constitutional was objectively reasonable. Id. at 755-56. Petitioner appeared in open court and was examined by a trial judge under oath before the court accepted his guilty plea. (Lodgment No. 3.) The sentencing court obtained his admission of the prior serious strike felony conviction in Oregon, and confirmed that his California sentence consequently would be calculated as a second strike case also carrying a five-year enhancement for the prior conviction. Id. Petitioner signed a change of plea form that specifically acknowledged that his Oregon conviction would be used to enhance his California sentence for a stipulated 18 year sentence. (Lodgment No. 2.) The plea form also acknowledged that Petitioner was represented by counsel at all relevant times. Id.

Petitioner mistakenly cites Boykin v. Alabama, 395 U.S. 238 (1969) to support his argument that his plea was not made intelligently. In Boykin, there was no indication that the defendant had been informed of any of the consequences of his guilty plea. Id. at 239. In

contrast, the record in this case shows that the judge ensured that Petitioner was aware of the consequences of his plea. (Lodgment 3.) Petitioner changed his plea to guilty after bargaining with the prosecution for a lighter sentence, was represented by counsel at all phases of the proceedings, and signed and initialed a plea agreement form expressly identifying a "5 year serious prior" as a component of the stipulated 18 year sentence. Id. After reviewing the record, the Court concludes that the state court's determination that Petitioner's plea was intelligently made was objectively reasonable. Brady, 397 U.S. at 755-56.

Petitioner's argument that his guilty plea was not made intelligently also rests on his erroneous interpretation of California law. (Doc No. 5.) Petitioner contends that he could not plead guilty because the use of the prior Oregon conviction was a violation of his constitutional rights. Id. However, California law provides that prior convictions are properly used to enhance his California sentence. Kirk, 141 Cal. App. 4th at 721-22. Furthermore, he acknowledges in writing in pleading guilty that his Oregon conviction would be used as a prior strike. (Lodgment No. 2.) Thus, Petitioner was aware that the court would take his Oregon conviction into account when it sentenced him, and it was not unconstitutional for it to do so.

Based on the record before it, the California Court of Appeal's determination that Petitioner's plea was voluntarily and intelligently made is objectively reasonable. Brady, 397 U.S. at 755-56. Therefore, Petitioner has not met his burden under Section 2254(d) to show that the state court's decision was an objectively unreasonable interpretation or application of law.

### C. Ineffective Assistance of Counsel

To prove that his counsel provided ineffective assistance, Petitioner must establish both counsel's performance was unreasonably deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 689 (1984). To establish that counsel's performance was unreasonable, Petitioner must show that counsel "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In order for such an unreasonable performance to reach the level of unconstitutionality the attorney must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment." Id. at 687.  To demonstrate prejudice, the petitioner must show that "but for counsel's unprofessional errors" there is a reasonable probability that "the result of the proceeding would have been different." Id. at 690.  Judicial scrutiny of counsel's performance is always "highly deferential." Id.  When applied in connection with § 2254(d), it is "doubly so." Harrington, 131 S.Ct. at 788.  The question is "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The state court concluded that Petitioner did not identify any factual basis from the record for a finding that his attorneys rendered constitutionally deficient representation or that he would have obtained a better outcome had he not accepted the plea bargain. (Lodgment No. 8.)  In fact, the record shows that Petitioner's plea reduced his potential exposure to a significantly longer prison term. Id.

Petitioner's allegations concerning counsel's performance do not meet the first prong of the Strickland test.  Petitioner's allegations simply do not establish that his counsel acted in an objectively unreasonable way. Strickland, 466 U.S. at 688.  For example, Petitioner states that his counsel should have brought a motion to dismiss on Sixth Amendment grounds. (Doc. No. 5.)  Petitioner believes the length of time over which the prosecution charged him for his crimes was excessive and violated his Sixth Amendment right to notice. Id.  The Sixth Amendment requires the indictment to state "the elements of an offense charged with sufficient clarity to apprise a defendant of what to defend against." Miller v. Stagner, 757 F.2d 988, 994 (9th Cir. 1985) (quoting Russell v. United States, 369 U.S. 749, 763-764 (1962).)  The felony-complaint filed by the State states the elements of Petitioner's offense with sufficient clarity to apprise him that he needed to defend against several charges that he had committed lewd acts on a minor  (Lodgment No. 1.)  The fact that the prosecution was non-specific as to the actual date the violations took place does not matter, since the date on which these lewd acts were committed is not an element of the offense. See Cal. Penal Code § 288(a) (Requires an offender to have "willfully and lewdly commit any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person

1  or the child.") A motion to dismiss would have been futile, and "counsel's failure to make a
2  futile motion does not constitute ineffective assistance of counsel." James v. Borg, 24 F.3d 20,
3  27 (9th Cir. 1994).

4  Furthermore, Petitioner has not established that such performance was detrimental to
5  his defense. Accordingly, the Court concludes that the state court made an objectively
6  reasonable determination rejecting Petitioner' claim of ineffective assistance of counsel.
7  Harrington, 131 S.Ct. at 788.

### D. Extradition to Oregon

Finally, the state court made an objectively reasonable determination that Petitioner cannot seek relief for the alleged obstruction of his extradition to Oregon by "both California and Oregon courts and laws" in a California court. (Doc. No. 5.) The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend. VI. However, there is no fixed time period required to satisfy the Sixth Amendment, and the United States Supreme Court does "not establish rules for the States, except when mandated by the Constitution." Barker v. Wingo, 407 U.S. 514, 530, 523 (1972).

Petitioner contends that he was not extradited to Oregon to be sentenced for his 2000 convictions and to be tried for the remaining count from that proceeding until "at or about 5-17-2010." (Doc. No. 5.) He claims that this delay was unconstitutional. Id. The majority of the delay was a result of his own actions in absenting himself from the Oregon proceedings. Id. Petitioner fled from Oregon during the sentencing proceedings and before he was tried on one count of the indictment. Id. "When the defendant seeks to 'avoid detection by American authorities' and any post-indictment delay can be attributed to him, he waives the right to a speedy trial." United States v. Sandoval, 990 F.2d 481 (9th Cir. 1993)(citations omitted.)

Petitioner further argues that the actions of California state officials violated the Interstate Agreement on Detainers ("IAD"). (Doc. No. 5.) "The IAD is a congressionally sanctioned interstate compact and is thus a law of the United States, whose interpretation presents a federal question." Tinghitella v. State of Cal., 718 F.2d 308, 310. "The IAD

provides that where a prisoner incarcerated in one state makes a proper request for trial of 'any untried indictment' pending in another state 'on the basis of which a detainer has been lodged against the prisoner,' the prisoner must be 'brought to trial' within 180 days of the request. . ." Id. (citing Interstate Agreement on Detainers Act, Pub. L. No. 91-538, art. III(a), 84 Stat. 1397 (1970).) The remedy for a violation of the IAD's 180 day provision is dismissal of the indictment by the state that has failed to bring the prisoner to trial. Interstate Agreement on Detainers Act, Pub. L. No. 91-538, art. V(c), 84 Stat. 1397 (1970).) The California Court of Appeal held that "there is no showing that [Petitioner] is entitled to relief from California courts" on the IAD issue, and that the proper course of action would be to seek relief from the appropriate authority in Oregon. (Lodgment No. 8.) Petitioner has not identified any authority that would allow a California Court to dismiss an Oregon criminal proceeding. Accordingly, the Court concludes that the state court made an objectively reasonable decision in denying the petition on these grounds. Harrington, 131 S.Ct. at 784.

### III.  Denial of Certificate of Appealability

Under AEDPA, a state prisoner seeking to appeal a district court's denial of a habeas petition must obtain a certificate of appealability ("COA") from the district court judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the present case, the Court concludes that petitioner has not made such a showing and so the Court denies Petitioner a COA.

### Conclusion

Petitioner has not established that the state court's determination "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States" or that it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." See 28 U.S.C. § 2254(d)(1)-(2). Petitioner's request for evidentiary hearings to settle various factual issues in

1  his petition is denied.  See Cullen, 131 S.Ct at 1400.  Accordingly, the Court adopts the
2  Magistrate Judge's report and recommendation and denies the petition for habeas corpus.
3  **IT IS SO ORDERED**

5  DATED: September 18, 2012

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT